FISKE & HARVEY PLLC

PHILIP J. HARVEY, ESQ.
703 518 9910 DIRECT
PHARVEY@FISKEHARVEY.COM

May 7, 2008

**Via Hand Delivery**

The Honorable Christine Odell Cook Miller
United States Court of Federal Claims
Howard T. Markey National Courts Building
717 Madison Place, N.W.
Washington, D.C. 20005

Re: *CA, Inc. v. United States of America,* No. 08-119C

Dear Judge Miller:

This firm represents STG, Inc. in an action pending in the United States District Court for the Eastern District of Virginia styled *CA, Inc. v. STG, Inc.*, Civil Action No. 1:08-cv-193 (TSE/BRP) (the "Virginia Case"). On April 23, 2008, in the above-referenced action pending in your Court (the "CFC Case"), CA, Inc. filed a Consent Motion to Stay Proceedings pending resolution of the Virginia Case. In that motion, CA correctly stated that the central fact at issue in both cases is the same. On April 17, 2008, six days earlier, STG had filed a motion in the Virginia Case to stay that case pending disposition of the CFC Case. CA opposed STG's motion.

A hearing was held in the Virginia Case on April 25, 2008, during which the district court addressed – and granted – STG's motion to stay that case. In its order, a copy of which is enclosed, the district court directed CA and STG to advise your Court of its decision to stay the Virginia Case pending resolution of the CFC Case. The district court said that the government's liability to CA should be determined in the CFC Case before the Virginia Case proceeds because resolution of the CFC Case may dispose of all issues in the Virginia Case.

STG has reviewed a copy of CA's notice to you of the district court's ruling on the stay. STG disagrees with CA's characterization of the district court's comments at the hearing. Any question concerning the

FH

district court's comments can, however, be avoided by reviewing a transcript of that hearing. Accordingly, STG asked that a transcript be prepared and delayed submitting this letter in the hope that it would be available. The transcript has not been finished yet, but STG decided that it should not delay any longer. When a transcript of the hearing is completed, STG will deliver a copy to your Honor.

STG is not a party to the CFC Case. Consequently, it is unable to file documents electronically to provide the notice to your Court that the district court in Alexandria directed it to provide. We respectfully ask that, *in lieu* of electronic filing, the Court accept this letter.

Sincerely,

Philip J. Harvey

Philip J. Harvey

cc: Alan W. H. Gourley, Esq. (w/encl) (via facsimile)
Leslie Cayer Ohta, Esq. (w/encl) (via facsimile)

FISKE & HARVEY PLLC

May 9, 2008

The Honorable Christine Odell Cook Miller
United States Court of Federal Claims
Howard T. Markey National Courts Building
717 Madison Place, N.W.
Washington, D.C. 20005

Re: *CA, Inc. v. United States of America,* No. 08-119C

Dear Judge Miller:

I wrote the Court on Wednesday, May 7, 2008, concerning the above-referenced action and a recent order entered in *CA, Inc. v. STG, Inc.*, Civil Action No. 1:08-cv-193 (E.D. Va.), pending in the United States District Court for the Eastern District of Virginia. In that earlier letter, I promised to supply this Court with a copy of the transcript of the hearing held on April 25, 2008, in the Virginia action. I received the official transcript today. A copy is enclosed.

The district court's ruling from the bench on STG's motion to stay the Virginia action is contained on pages 46-51. It was as follows:

THE COURT:

> The matter is before the Court on motion to dismiss on jurisdictional grounds, and a motion to stay. I think the facts have been thoroughly recited by Court and by counsel. It's fairly clear what the facts of record are. The motion to dismiss is based chiefly on the effect of the certified claim.
>
> It is the defendant's position that that certified claim establishes exclusive jurisdiction for the claim in the Federal Court of Claims. The plaintiff says: No, not the case. It's not a sworn statement. We are just doing it in the alternative. We are suing on our contract with STG in this case. And that's just an alternative means in case we lose here.

There is no doubt that the goods were – if they were supplied in full, were used by the government, not by, not by STG or its predecessor.

It's the Court's view that the issue of privity and whether the contract is with the government and the recovery is with the government is a central issue, and it will be a central issue in both cases. It will be by way of defense in this case, and by way of the principal case there. And I think it ought to be determined there. And I am going to stay this case pending resolution of that. And it is stayed today.

And Mr. Scher [Assistant U.S. Attorney] -- well, I'm going to direct these counsel to advise the Court of Claims of that. Mr. Gourley [counsel for CA, Inc.], that will be your task, and yours, as well, Mr. Scher.

I am going to defer the Court's decision on the jurisdictional issue, and I'm going to continue to consider that. But this matter is stayed in its entirety. The reason I don't dismiss it is that I take Mr. Gourley's argument to have some force, that he has a contract, his client has a contract with STG, and that's what he is suing for breach of.

That's a little unclear from the complaint. But in any event, if there is some risk that the Navy has paid STG for this, and STG hasn't yet paid, I think CA has that claim. **But on the basis of this record, it looks to me like the contract is with the government,** and we need to get that resolved, and the Court of Claims is the place to resolve that issue. In other words, does CA have a claim against the Navy, or the government, and, if so, should they get paid?

If the Court of Claims were to decide, no, that the contracting officer was right -- I think he determined there wasn't privity. Is that right? I think that's exactly what's afoot. If the Court of Claims should decide that the contracting officer was correct, I want CA's claim to be preserved here, to proceed here.

But otherwise, **it looks to me like this is a case where a contractor has supplied -- does have privity,** says in his own thing that it's just a contracting agent, in the certification -- and I give it more weight, Mr. Gourley, than you do. I think when you file a certificate of this sort with the government, you have to mean what you say, and really intend it. That doesn't mean you are always right, but certificates should not be filed willy-nilly just to

cover all options. You ought to mean what you say. That's the purpose of this certificate.

So, I think if you made a false statement, and your defense to making the false statement was, "Well, I didn't know whether it was true or not, but I just put it out there," I would be interested to see what the cases say about that. I think you would be in some difficulty. I see a lot of False Claims Act -- false statement cases, not False Claims Act -- and I can't actually recall one that's like that. But I think there is a great deal to that certification. And I have run through my mind various ways in which that certification would play a role, both in this case, even -- well, notwithstanding what might happen there.

I think we need to determine that. If the -- if the government and CA litigate in the Court of Claims and it is held that there isn't certification, after all appeals -- I mean, if it's held that there isn't privity and that the certification is incorrect, the role that the certificate would then play in this case is a bridge I don't cross yet. We will have to cross that bridge only if we come to it.

But I'm going to stay this matter. I direct counsel to advise the Court of Claims promptly of this stay. Mr. Scher, you are to communicate with counsel in the Court of Claims case, advise them of that today. They are to advise the Court of Claims.

And I don't foreclose that the Court of Claims may have a different view. **And in my order, I will indicate that if the Court of Claims, in the face of what I have ruled here, still feels that it's appropriate to stay that case, and provides reasons, then I will rethink my view and proceed with this case if I think the Court of Claims is right.**

**Right now, my view is that they ought to go first, get it done, and then come back here only if it's necessary to do so. It's that simple. And as far as who gets it done quicker, or more quickly, that's not a significant issue, in my view. This case could be resolved fairly quickly on that issue, I think.**

I don't think there is any dispute between the parties that the programs or products were provided, and how they were provided. All of those facts, I think, are not seriously in dispute. What's in dispute is whether or not STG got paid for it, whether they paid -- the Navy paid for any of it, and why the Navy should or shouldn't [have] paid. That's what's in dispute. I don't think what was supplied -- now, I suppose you could get into a fight over

FH

whether what they supplied worked or not. But that's something that I think could be resolved in the Court of Claims, as well.

All right. I thank counsel for your cooperation. I will enter an order accordingly.

ATTORNEY HARVEY: Thank you, your Honor.

THE COURT: Interesting issue.

(Court recessed in CA v. STG)

(Emphasis added). The highlighted portions represent the salient conclusions about which the district court ordered the parties to advise this Court.

Sincerely,

Philip J. Harvey

Philip J. Harvey

cc: Alan W. H. Gourley, Esq. (w/encl)
Leslie Cayer Ohta, Esq. (w/encl)