IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-119C |
| | ) | (Judge Christine O. C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the amended complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. The allegations contained in paragraph 3 are admitted.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. The allegations contained in the first sentence of paragraph 6 are admitted. The allegations contained in the second sentence of paragraph 6 are admitted except to note that "SPAWAR" stands for Space and Naval Warfare Systems Command. The allegations contained in the third sentence of paragraph 6 are admitted to the extent supported by the document cited, that is "Contract No. N68786-97-C-6461," which is the best evidence of its terms; otherwise, the allegations are denied.

7. The allegations contained in paragraph 7 are admitted to the extent supported by the document cited, that is, the "Authorization to Purchase," which is the best evidence of its terms; otherwise, the allegations are denied.

8. The allegations contained in paragraph 8 are admitted to the extent supported by the document cited, that is, "DoD, Guidance and Policy Memorandum No. 12-8430 - Acquiring Commercially Available Software, §§ 6.2.1 and 6.2.3 (July 26, 2000), which is the best evidence of its terms; otherwise, the allegations are denied.

9. The allegations contained in the first sentence of paragraph 9 are admitted to the extent supported by the document cited, that is, "CA's BPA,"which is the best evidence of its terms; otherwise, the allegations are denied. The remaining allegations contained in paragraph 9 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10. The allegations contained in paragraph 10 are admitted to the extent supported by the documents cited, that is, the Army BPA and the GSA Schedule Contract, which are the best evidence of their terms; otherwise, the allegations are denied.

11. The allegations contained in the first sentence of paragraph 11 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted The remaining allegations contained in paragraph 11 are admitted to the extent supported by the document cited, that is, "the first set of quotes," which is the best evidence of its terms; otherwise, the allegations are denied.

12. The allegations contained in paragraph 12 are admitted to the extent supported by the document cited, that is, "the first set of quotes," which is the best evidence of its terms;

otherwise, the allegations are denied.

13. The allegations contained in the first sentence of paragraph 13 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted The allegations contained in the second sentence of paragraph 13 are admitted to the extent supported by the document cited, that is, "CA's offer," which is the best evidence of its terms; otherwise, the allegations are denied.

14. The allegations contained in the first and third sentences of paragraph 14 are admitted to the extent supported by the document cited, that is, "CA's offer," which is the best evidence of its terms; otherwise, the allegations are denied. The allegations contained in the second sentence of paragraph 14 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. The allegations contained in the first sentence of paragraph 15 are denied. The remaining allegations contained in paragraph 15 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16. The allegations contained in paragraph 16 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

17. The allegations contained in paragraph 17 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

18. The allegations contained in paragraph 18 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

19. The allegations contained in the first sentence of paragraph 19 are denied for lack of

knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the second sentence of paragraph 19 are admitted to the extent supported by the document cited, that is, the "Navy's instructions to STG," which is the best evidence of its terms; otherwise, the allegations are denied.

20. The allegations contained in the first sentence of paragraph 20 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the second sentence of paragraph 20 are admitted to the extent supported by the document cited, that is, the "perpetual license provided under the GSA schedule," which is the best evidence of its terms; otherwise, the allegations are denied. The allegations contained in the third sentence of paragraph 20 are admitted to the extent supported by the document cited, that is, the "software license for the Unicenter TNG Base enterprise software," which is the best evidence of its terms; otherwise, the allegations are denied. The allegations contained in the fourth sentence of paragraph 20 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

21. The allegation contained in paragraph 21 that CA exercised its rights to revoke the perpetual licenses are admitted to the extent supported by the document cited, that is, "the letter," which is the best evidence of its terms; otherwise, the allegations are denied. The remaining allegations contained in paragraph 21 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

22. The allegation contained in paragraph 22 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

23. The allegations contained in paragraph 23 are denied for lack of knowledge or

information sufficient to form a belief as to the truth of the matters asserted.

24. Defendant incorporates by reference its responses contained in paragraphs 1 through 23 of its answer as though fully set forth here.

25. The allegation contained in the first sentence of paragraph 25 is denied. The allegation contained in the second sentence of paragraph 25 is admitted to the extent supported by the document cited, that is, "FAR § 51.102(f)(2)," which is the best evidence of its terms; otherwise, the allegations are denied.

26. The allegation contained in paragraph 26 is denied.

27. The allegation contained in the first sentence of paragraph 27 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegation contained in the second sentence of paragraph 27 is denied.

28. Defendant incorporates by reference its responses contained in paragraphs 1 through 23 of its answer as though fully set forth here.

29. The allegation contained in paragraph 29 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

30. The allegations contained in paragraph 30 that CA owns the intellectual property practiced by, incorporated in, or represented by the CA software, is a conclusion of law to which no response is required. The allegation that the Navy accepted, installed, and used the software is admitted.

31. The allegations contained in paragraph 31is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

32. The allegation contained in paragraph 32 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

33. The allegations contained in paragraph 33 are denied.

34. Defendant denies each and every allegation not previously admitted or denied.

35. Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 33 of the complaint, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

James Y. Miyazawa
Associate Counsel
Department of the Navy
Office of the General Counsel
2555 Sports Arena Blvd.
San Diego CA 92115

May 23, 2008

Attorneys for Defendant