IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-119C |
| | ) | (Judge Christine O. C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, paragraph III, 4, of the Rules of the United States Court of Federal Claims (RCFC), the parties respectfully submit the following joint preliminary status report:

(a) Jurisdictional Basis Upon Which Plaintiff Relies

CA, Inc., states that this Court possesses jurisdiction to entertain this action pursuant to the the Tucker Act, as amended, 28 U.S.C. § 1491, and pursuant to Contract Disputes Act of 1978, 41 U.S.C. § 609 (CDA). Defendant is currently not aware of any reason why this Court would not possess jurisdiction to entertain plaintiff's takings claims under the Tucker Act. The Government, however, contends that this Court does not possess jurisdiction to entertain plaintiff's contract claim because plaintiff was not in privity of contract with the Government in connection with the contract referenced in plaintiff's complaint.

(b) Consolidation

The parties do not believe that this case should be consolidated with any other case.

(c) Bifurcation

The parties are not aware of any reason why liability and damages should be tried separately.

(d) Deferral

The parties do not believe that the present proceedings in this action should be delayed pending consideration of another case before this Court or any other tribunal. CA continues to believe that trial in this case should be deferred pending resolution of CA, Inc. v. STG, Inc. (E.D. No. 08-cv-0193) should the Court in that case be willing to lift its stay.

(e) Remand/Suspension

The parties do not intend to request remand or suspension.

(f) Joinder

The parties do not believe that additional parties need be joined. CA reserves the right to explore joining STG as a party to this matter.

(g) Dispositive Motions

The Government intends to to file a motion to dismiss plaintiff's contract claim. The Government may also file a motion for summary judgment on the issue of whether the "Authorization to Purchase," referred to in the complaint, was executed by an individual with the contractual authority to bind the Government. While the parties agree that it is unlikely that other dispositive motions will be filed, the parties respectfully request that, on or before 30 days after the conclusion of discovery, they be allowed to file a status report regarding the appropriateness of filing any further dispositive motions.

(h) Relevant Issues

Plaintiff's Statement Regarding The Relevant Issues

CA, Inc's Factual Issues

In addition to each fact not expressly admitted in Defendant's Answer to CA's Complaint,

CA has presently identified the following factual issues:

1.) Whether the Navy reimbursed PSC for the payments PSC made to the Army for purchase of CA's software under the Army BPA.

2.) Whether the Navy has an excuse for failing to complete the installment payments due for the delivered Unicenter TNG software products.

3.) Whether the Commander-in-Chief NAVEUR Command, Control, Communication and Computers and/or his deputies were authorized to direct PSC as to the materials and services to be provided to the Navy under Contract No. N68786-97-C-6461.

4.) Whether and when the Navy Contracting Officer ("CO") learned of the "Authorization of Purchase" and, if so, what, if any, steps the CO took to disavow that authorization.

5.) Whether the appropriated funds obligated to N68786-97-C-6461 exceeded $1.1 million in fiscal year 2002, $1.8 million in fiscal year 2003, and $2.3 million in fiscal year 2004.

6.) Whether the Navy paid PSC for CA's Unicenter TNG software products delivered to the Navy.

7.) Whether and when the Navy installed CA's Unicenter TNG software products on its network.

8.) Whether the NAVEUR used CA's Unicenter TNG software products on more equipment than the number of licenses provided to PSC and the Navy.

9.) Whether and when the NAVEUR removed CA's Unicenter TNG software from its network.

CA, Inc.'s Legal Issues

1.) Whether CA must establish privity of contract with the Government to recover under its indemnification claim pursuant to FAR § 51.101.

2.) Whether CA is required to establish privity of contract with the Government in order to recover from the Government for its takings claim under the Fifth Amendment.

3.) Whether the Government is liable to CA for PSC's non-payment of the installment amounts due for CA's Unicenter TNG software products delivered and used by the Navy.

4.) Whether the Government's continued use of the delivered Unicenter TNG software products without completing the full payment was a taking of property without compensation under the Fifth Amendment.

5.) Whether pursuant to the Department of Defense's established policy only a contracting officer could direct the contractor to use established Government supply sources as authorized by FAR Subpart 51.1.

Defendant's Statement Regarding The Relevant Issues

Government's Factual Issues

1.) Whether "D. F. Kerrigan, Deputy Chief of Staff for Command, Control, Communications and Computers," the signatory of the "Authorization to Purchase," was a warranted contracting officer who had the authority to execute such authorization in accordance with FAR 52.251-1.

2.) Whether "D. F. Kerrigan, Deputy Chief of Staff for Command, Control, Communications and Computers" was a warranted contracting officer with authority to bind the

Navy Material Support Office, the activity that awarded the contract to PSC.

3.) Whether PSC was authorized to act as the Government's purchasing agent.

4.) Whether there was an agency relationship between the Government and PSC.

Government's Legal Issues

1.) Whether the purported "Authorization To Purchase," signed by a "D. F. Kerrigan, Deputy Chief of Staff for Command, Control, Communications and Computers," complied with FAR § 51.101.

2.) Whether the March 21, 2002 "Authorization To Purchase" authorized PSC to make purchases under the referenced Army blanket purchase agreement (BPA).

3.) Whether under the terms of the PSC contract, the Navy is liable to CA for purchases made by PSC pursuant to the BPA.

4.) Whether CA lacks privity of contract with the Navy under the PSC's contract with the Navy.

5.) Whether CA can establish that this Court has jurisdiction to entertain its CDA claim under Johnson Controls v. United States, 713 F.2d 1541 (Fed. Cir.1984).

6.) Whether the contracting officer for PSC's contract with the Navy authorized PSC to use Government supply sources during contract performance, as required by FAR 51.102.

(i) Advisability of ADR

The Government does not believe that ADR is necessary or appropriate at this time. The parties will, however, continue to consider the possibility of settlement and the use of ADR, throughout the proceedings. CA believes that absent settlement, ADR would be an appropriate means to seek resolution of this case.

(j) Possibility of Trial

If this case does not settle or is not otherwise resolved upon dispositive motions, the parties will proceed to trial. CA believes that it is unlikely a trial would exceed five days. The Government believes that the trial would take from six to ten days. CA seeks expedited resolution of this matter, but agrees that it does not meet the criteria for expedited trial pursuant to paragraph 4(j) of Appendix A. CA believes that the case presents largely legal issues with few factual issues remaining to be confirmed. CA, accordingly, believes that the case could reasonably be prepared for trial by June 1, 2009. The Government believes that the earliest date it could reasonably be expected to be ready for trial is March 2010. The parties agree that trial should be held in Washington, DC.

Joint Proposed Schedule

The Government proposes that the exchange of documents be accomplished by January 1, 2009. CA proposes that the exchange of documents be accomplished by October 1, 2008.

The Government proposes that service of interrogatories and requests for admissions be accomplished by January 31, 2009. CA proposes that service of Interrogatories and requests for admissions be accomplished by November 3, 2008.

The Government proposes completion of fact witness discovery be accomplished by June 30, 2009. CA proposes that the completion of fact witness discovery be accomplished by January 30, 2009.

The Government proposes that the filing of dispositive motions be accomplished by August 31, 2009. CA proposes that the filing of dispositive motions be accomplished by March

16, 2009.

(k) Electronic Filing

The parties are not aware of any special issues regarding electronic case management needs.

(l) Additional Information

CA believes that this case presents relatively few factual issues. The Government believes that relevant documents may be found in numerous locations, including many overseas: including the Washington, DC area, Charleston, South Carolina, and various Navy operating locations in Europe, including Naples, Italy; Sigonella, Italy; LaMadellena, Italy; Rota, Spain; and various other locations in Greece and possibly London. CA anticipates that this will not be a document intensive case, CA believes that while the underlying contract is classified this fact would present at most a modest issue in discovery because plaintiff's counsel has a cleared facility and cleared attorneys and other personnel necessary to handle classified information. The Government believes that the fact that the underlying contract in this case is classified will present an obstacle to discovery. The parties are unaware of any other matters which should be brought to the Court's attention at this time.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Alan W. H. Gourley
ALAN W. H. GOURLEY, ESQ.
Crowell & Moring
1001 Pennsylvania Avenue, N.W.
Suite 1100
Washington, DC 20004-2595
(202) 624-2500
(202) 628-5116 (Fax)

Attorneys for Plaintiff

July 14, 2008

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant

July 14, 2008