IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-119C |
| | ) | (Judge Christine O. C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS
COUNT I OF PLAINTIFF CA'S COMPLAINT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this motion to dismiss Count I of the complaint filed by plaintiff, CA, Inc. It is the Government's understanding that, in Count I, CA contends that this Court has jurisdiction to entertain its action to compel the Government's compliance with the payment provision of FAR 51.102(f)(2), upon the grounds that PSC, the prime contractor, was authorized by the Navy to order CA's software against an Army Blanket Purchase Agreement (BPA); that PSC did, in fact, order the software under the BPA; and that PSC never paid CA for the software that was ordered. See Complaint (Compl.) ¶¶ 25, 27. This part of Count I must be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted because CA has failed to allege, and is unable to establish, that the purported authorization for PSC to purchase CA's software against the BPA was valid.

It is also the Government's understanding that, in Count I, CA contends that it is in privity of contract with the Navy and, therefore, this Court has jurisdiction to entertain its contract action under the Contract Disputes Act, 41 U.S.C. §§ 601 et seq. (CDA). See Compl. ¶ 26. This part of Count I must be dismissed pursuant to RCFC 12(b)(1) for lack of jurisdiction because CA, as a

subcontractor or vendor to PSC, was not in privity of contract with the Navy. This motion is supported by the following brief and the declarations of Terry A. Sprague and Donald F. Kerrigan, attachments 1 and 2, respectively.

STATEMENT OF ISSUES

1. Whether the "Authorization to Purchase," which purported to authorize PSC to purchase CA's software for use in its performance of Navy Contract 97-C-6461 against a BPA, is valid because the authorization's signatory was not the contracting officer.

2. Whether this Court possess jurisdiction to entertain CA's claim under the CDA because CA cannot establish that it was in privity of contract with the Government under Navy Contract 97-C-6461.

STATEMENT OF FACTS

In 1997, the Navy awarded Contract No. 97-C-6461 (contract) to PSC, Inc. (PSC) for system support services, including the provision of enterprise management software, in support of Command, Control, Communications, Computers and Intelligence (C4I) Systems at various Navy facilities worldwide. Declaration of Terry A. Sprague In Support of Defendant's Motion To Dismiss Count 1 of Plaintiff's Complaint (Sprague Decl.), ¶ 4. The contract required PSC to provide services and supplies by way of individual technical direction letters as required by the Navy. Id. The contract identified a contracting officer and a contracting officer's representative (COR), Terry Sprague, an employee at Space and Naval Warfare Systems Command (SPAWAR) Systems Center-Charleston. Sprague Decl. ¶ 5-6.

The enterprise management software supplied by PSC, which was obtained from Computer Associates, Inc. (CA), was called Unicenter TNG software. Compl. ¶ 15. CA's

software was available from an Army BPA. Compl. ¶ 8.

While, as a general rule, the use of BPAs is confined to agencies of the Federal Government, under certain circumstances private parties can be authorized to make purchases off of a BPA. PSC's contract, in fact, contained FAR 52.251-1, "Government Supply Sources," which provides in pertinent part as follows:

> The Contracting Officer may issue the Contractor an authorization to use Government supply sources in the performance of this contract.

Sprague Decl. ¶ 7.

In addition, FAR 51.101 provides in pertinent part as follows:

> If it is in the Government's interest, and if supplies or services required in the performance of a Government contract are available from Government supply sources, contracting officers may authorize contractors to use these sources . . . .

Sprague Decl. ¶ 8.

These provisions permitted the contracting officer (CO) to authorize PSC to purchase against the BPA, but did not constitute authorizations to do so. See FAR 52.251-1; FAR 51.101; Sprague Decl. ¶ 9. In order for PSC to purchase against the BPA in connection with its performance of Navy Contract 97-C-6461, the CO was required to give PSC her specific authorization to do so. See FAR 52.251-1; FAR 51.101; Sprague Decl. ¶ 10.

On March 21, 2002, a document was signed upon behalf of D. F. Kerrigan, Deputy Chief of Staff for C4I (Kerrigan Memorandum). Compl. ¶ 7; Declaration of Donald F. Kerrigan In Support of Defendant's Motion To Dismiss Count 1 of Plaintiff's Complaint (Kerrigan Decl.), ¶¶ 6, 7, 8, Exhibit 1; Sprague Decl. ¶ 19. The Kerrigan Memorandum provided in pertinent part

as follows:

> Subj: AUTHORIZATION TO PURCHASE
>
> 1. This letter serves as an authorization for PSC Inc. to utilize the PM, Small Computer Program (PM SCP) to procure software and services provided by Computer Associates International, Inc. [in] support of Commander in Chief US Naval Forces Europe (CINCUSNAVEUR), as awarded under contract # N68786-97-C-6461.
>
> 2. The contract to which this authorization applies is CA Enterprise Management Software Blanket Purchase Agreement DAAB15-99-A0018.

Id.

In summary, Count I of CA's complaint alleges two separate causes of action. In its first cause of action under Count I, CA alleges that the Government is liable for payments due to CA for CA's software purchased against the BPA because FAR 51.102(f)(2) makes the Government liable to the vendor for authorized purchases against Government supply sources, such as a BPA, and the Kerrigan Memorandum authorized PSC to make such purchases. Compl. ¶25. In its second cause of action under Count I, CA apparently contends that it is in privity of contract with the Government because the Kerrigan Memorandum authorized PSC to act as the Government's agent in the procurement of CA's software. Compl. ¶ 26.

## ARGUMENT

### I. Standard of Review

A motion to dismiss should be granted for failure to state a claim upon which relief can be granted where, as in this case, plaintiff fails to allege enough facts to make the claim plausible on its face. Bell-Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1963 (2007). In resolving a

motion to dismiss for failure to state a claim, the Court must assume the facts in the complaint are true and "indulge in all reasonable inferences in favor of the non-movant,"and the complaint should not be dismissed unless it is "'beyond doubt that a plaintiff could prove no set of facts which would entitle him to relief.'" Sommers Oil. Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (quoting Hamlet v. United States, 873 F.2d 1414 (Fed. Cir. 1989)).

The plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

A motion to dismiss for lack of subject matter jurisdiction should be granted when, as in this case, there is no waiver of sovereign immunity for a contractor not in privity with the Government to sue the Government under a contract. Although the Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity for causes of action based upon an express or implied contract with the United States, see United States v. Testan, 424 U.S. 392, 400 (1976), because CA has not alleged that it was the prime contractor under Navy Contract 97-C-6461 and cannot establish privity under the Johnson Control test, see United States v. Johnson Controls, 713 F.2d 1541, 1551 (Fed. Cir. 1983), its claim must be dismissed.

## II. CA's Contention That The Government Is Liable For Purchases Made by PSC Against The BPA Fails To State A Cause of Action Upon Which Relief Can Be Granted

As previously mentioned, the gravamen of CA's first contention set forth in Count I of its

complaint is that because PSC, in connection with its performance under Navy Contract 97-C-6461, was authorized by the Kerrigan Memorandum to order CA's software against the BPA, the Navy is required to pay CA for the software pursuant to FAR 51.102(f)(2). FAR 51.102(f)(2) provides in pertinent part as follows:

> After issuing the [authorization to a contractor to use Government supply sources], the authorizing agency shall be responsible for . . . [a]ny indebtedness incurred for supplies or services and not satisfied by the contractor . . . .

The Government is not liable under the provisions of FAR 51.102(f)(2) because the purported authorization is not valid. For the Kerrigan Memorandum to be a valid authorization, Mr. Kerrigan must have had actual authority to bind the United States. First Fed. Lincoln Bank v. United States, 54 Fed. Cl. 446, 452 (2002) (citation omitted). Actual authority can be either express or implied in fact. Id. at 452 (citation omitted). "'Government employees hold express actual authority to bind the government in contract only when the Constitution, a statute, or a regulation grants them such authority in unambiguous terms.'" Id. Contracts entered into by Government personnel who lack authority to bind the Government are unenforceable. City of El Centro v. United States, 922 F.2d 816, 820-21 (Fed. Cir. 1990); see also Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1263 (Fed. Cir. 2005) ("Surely the assurances from a government agent, having no authority to give them, cannot expose the government to risk of suit for the nonperformance of an obligation that it did not intentionally accept."). When a Federal employee exceeds his or her authority, the Government can "disavow the [agent's] words and is not bound by an implied contract." Essen Mall Props. v. United States, 21 Cl. Ct. 430, 445 (1990). Moreover, the Supreme Court has made clear that "anyone entering into an arrangement with the

Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority" even if "the agent himself may have been unaware of the limitations upon his authority." Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947).

A plaintiff asserting the existence of a contract with the United States bears the burden of establishing that the person or people upon whose alleged promises or representations the plaintiff relied had actual contracting authority. Heckler v. Comm'y Health Serv. of Crawford County, 467 U.S. 51, 63 (1984); see also Grundy v. United States, 2 Cl. Ct. 596, 599 (1983) (claimant for money damages for breach of contract must plead and prove that the Government officer, who supposedly entered into the contract with the claimant, had the actual authority to appropriate Government funds for such purpose). CA has failed to allege that Mr. Kerrigan was authorized to enter into a contract upon behalf of the United States or otherwise to bind the Government. Moreover, CA has failed to allege that Mr. Kerrigan was the contracting officer for Navy Contract 97-C-6461. Under FAR 52.251-1, only the contracting officer assigned to the contract was authorized to allow a non-governmental entity, such as PSC, to order software against the BPA. As the declarations of the contracting officer's representative, Terry Sprague, and the signatory of the purported "Authorization to Purchase," Donald H. Kerrigan, demonstrate, no one with authority to do so executed the purported "Authorization to Purchase." Accordingly, to the extent that CA in Count I alleges that the Government is liable under FAR 51.102(f)(2) for the purchase of its software against the BPA in connection with Navy Contract 97-C-6461, CA fails to state a cause of action upon which relief can be granted. Accordingly, that part of Count I should be dismissed.

III. This Court Does NotPossess Have Jurisdiction To Entertain CA's Claim Under The CDA Because CA Cannot Establish That It Was In Privity of Contract With The Navy

In an attempt to establish privity of contract with the Navy, CA alleges, in its second cause of action under Count I of its complaint, that the Kerrigan Memorandum authorized PSC to act as an agent of the Government. Compl. ¶ 26. For a subcontractor, such as CA, to establish privity of contract with the Government it must satisfy a three-part test. See United States v. Johnson Controls, 713 F.2d 1541, 1551 (Fed. Cir. 1983) (citing Kern-Limerick v. Scurlock, 347 U.S. 110, 113 n.2 (1954)). For CA to establish that it is in privity of contract with the Government, CA must prove that (1) PSC was acting as a purchasing agent for the Government; (2) the agency relationship between PSC and the Government was established by "clear contractual consent;" and (3) Navy Contract 97-C-6461 provided that the Navy would be directly liable to CA for the purchase price. Id. CA has failed to allege that it can meet the second and third factors of the Johnson Control test, and because the Kerrigan Memorandum is not a valid authorization, it cannot establish that PSC was authorized to act as an agent for the Government.

A contractor is not an agent for the Government in connection with a purchase unless it can establish that it "so lack[ed] an independent role in the purchase, as to make the sale – in both a real and a symbolic sense – a sale to the United States." United States v. New Mexico, 455 U.S. 720, 742 (1982). To determine whether a contractor is a Government purchasing agent, the Supreme Court listed the following factors a Court should consider: (1) whether the contractor purchased in the Government's name; (2) whether Government approval was required for the purchase; and (3) whether the vendor was informed that the Government was the only party with an independent interest in the purchase. New Mexico, 455 U.S. at 743-44.

Other than its bald allegation that PSC acted as a "purchasing agent" for the Government, see Compl. ¶ 26, CA has failed to allege that PSC made the purchase in the name of the Government; that Government approval was required; and, that CA was informed that the Government was the only party with an independent interest in the purchase. See Compl. Even assuming that PSC made purchases of CA's software based upon a valid CO's authorization to use a BPA, PSC would not have been acting as the Government's "purchasing agent," but simply performing its contractual obligations under Navy Contract 97-C-6461. Moreover, PSC made purchases from CA in its own name. See Compl. ¶ 15; Sprague Decl. ¶ 13. In fact, CA even alleges that PSC is indebted to CA for the purchase price of its software. Compl. ¶ 27. Furthermore, PSC's purchase of CA's software under Navy Contract 97-C-6461 did not require the Navy's contracting officer's approval. Sprague Decl. ¶ 12. Finally, because PSC ordered the software from CA, CA could not have thought that the Government was the only party with an independent interest in the purchase. See Complaint ¶ 15.

As to the second element of the Johnson Controls test, there is no provision in Navy Contract 97-C-6461 that explicitly or impliedly identified PSC as the Government's purchasing agent. Sprague Decl. ¶ 11. In fact, the absence of an agency relationship is borne out by the non-existence of any legitimate authorization from the CO to PSC to purchase against the BPA.

As to the final element of the Johnson Controls test, there is no contract provision stating that the Government would be liable to vendors for the purchase price of products delivered under Navy Contract 97-C-6461. Sprague Decl. ¶ 11. CA alleges no facts to the contrary.

Accordingly, to the extent that CA, in Count I of its complaint, contends that it is in privity of contract with the Government and, therefore, jurisdiction exists under the CDA or the

Tucker Act, that count should be dismissed for lack of jurisdiction.

CONCLUSION

For the foregoing reasons, the Government respectfully requests that its Motion To Dismiss Count I of the Complaint be granted.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

August 6, 2008

Attorneys for Defendant